Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50228 | **DATE** | 3/18/2002 |
| **CASE TITLE** | | BAIRD vs. BOARD OF EDUCATION | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is hereby denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 18 2002 | 11 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-18-02 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | 02 MAR 18 PM 2:52 FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Kelly Baird, filed a two-count complaint in state court against defendants, Board of Education for Warren Community Unit School District No. 205 ("Board") and its individual members ("individual defendants"). The complaint alleges breach of contract in count I and a claim under 42 U.S.C. § 1983 for deprivation of procedural due process in count II. Defendants properly removed the action to this court based on federal question jurisdiction over the § 1983 claim. 28 U.S.C. § 1441(a) The court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff was hired by the Board under a 3-year contract to serve as superintendent/principal. The Board terminated plaintiff's employment under the "for cause" provision of the contract after only one year. Plaintiff's complaint asserts the Board lacked cause to terminate him and failed to provide him with a termination hearing that met constitutional due process standards.

A 12(b)(6) motion is granted only if no set of facts consistent with plaintiff's complaint could be presented which would entitle him to judgment. See Hedrich v. Bd of Regents of Univ. of Wisc. Sys., 274 F.3d 1174 (7th Cir. 2001) Defendants contend the facts pled in the complaint establish plaintiff could not prove a claim under either count of the complaint. They assert the alleged facts demonstrate cause for termination, that the availability to plaintiff of a breach of contract action obviates the need for any hearing, and that the hearing provided met due process requirements if a hearing was actually required. They also argue the individual defendants are protected from this suit by absolute and qualified immunity.[1]

Defendant contends Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189 (2001) requires dismissal of the § 1983 claim because plaintiff's ability to bring a breach of contract claim for his termination provides all the process that is due. In Lujan, the court held the availability of a breach of contract action under state law provided constitutional due process to a party who was deprived of payment by the state under a contract where the state maintained the party failed to comply with the contract terms and the party claimed it had complied. Id., at 196-97. Lujan, however, distinguished its facts from cases where plaintiff was presently entitled to pursue gainful employment. Id., at 196. In doing so, Lujan does not appear to imply that a right to bring a post-termination suit for breach of contract can replace the previously recognized right to a hearing on the issue of cause, where a public employee with a contractual right to be discharged only "for cause" is terminated, see Lalvani v. Cook County, 269 F.3d 785, 794 (7th Cir. 2001), as the standard for procedural due process.

Inherent in the right to a hearing is the right to a hearing by an impartial tribunal. See Bakalis v. Golembski, 35 F.3d 318, 323 (7th Cir. 1994). Plaintiff has alleged he properly performed the contract and that there was no cause for his termination. (Compl. ¶ 15) He has alleged that certain members of the Board were biased toward him and did not act as impartial decision makers concerning his employment. (Id., ¶¶16,19) He has alleged the Board predetermined his termination (Id., ¶27) and based its decision to terminate him solely on the animus and ill-will of the individual defendants. (Id., ¶34 F). If he were to present facts proving these allegations, plaintiff would sustain a claim for breach of contract, and for due process violations against the defendants, from which the individual defendants would not be shielded by qualified immunity, see Bakalis, 35 F.3d at 326-27 nor do the allegations implicate only the types of actions by the individual defendants that would necessarily be protected by absolute immunity. See Bogan v. Scott-Harris, 523 U.S. 44, 56 (1998). Plaintiff's complaint is sufficient to withstand a 12(b)(6) motion. Whether the hearing was adequate, the tribunal impartial, the contract breached, or the individual defendants immune must await another day.

Defendants' motion to dismiss is hereby denied.

---

[1] While the complaint does not specify the individual defendants are being sued in their individual capacity, plaintiff asserts that they are (Pl. Memo. p. 14) and the allegations of the complaint and the request for punitive damages support reading the complaint as an individual capacity suit. See Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001)