**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

FILED-WD
2002 NOV -6 AM 10:47
CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **KELLY BAIRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 01 C 50228** |
| | ) | |
| **v.** | ) | **District Judge Philip G. Reinhard** |
| | ) | **Magistrate Judge P. Michael Mahoney** |
| **BOARD OF EDUCATION FOR** | ) | |
| **WARREN COMMUNITY UNIT** | ) | |
| **SCHOOL DISTRICT No. 205, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COME the Defendants, the Board of Education for Warren Community Unit School District No. 205, Jo Davies County, Illinois (the "Board" or the "District") and Monica Stephan, Annelisa Cleary, Judy Gates, Mary Vincent, Joseph Green, Donald Hill, and Robert Lethlean (collectively, the "individual defendants"), by and through their counsel, Nancy Fredman Krent and Robert E. Swain, Hodges, Loizzi, Eisenhammer, Rodick & Kohn, and submit the following memorandum of law in opposition to Plaintiff's Motion for Partial Summary Judgment:

## I. Introduction

As set forth below, Plaintiff's motion for partial summary judgment should be denied for three reasons. First, because Plaintiff refused to attend or participate in his pre-termination hearing, he waived his right to object to the sufficiency of the procedures that were used. Second, because a full post-termination hearing is available to Plaintiff, the procedures used during his pre-termination hearing were constitutionally sufficient. Third, the individual

34

defendants against whom this claim is asserted are entitled to qualified immunity from Plaintiff's claim. Moreover, even if Plaintiff were entitled to summary judgment, he cannot recover punitive damages from the Board of Education.

## II. Plaintiff Waived His Right to a Pre-Termination Hearing

Plaintiff refused to attend or to participate in the pre-termination hearing that was conducted, and thus has waived his right to contest the sufficiency of the procedures used at that hearing.

Defendant Monica Stephan, who served as President of the Board at all times pertinent hereto, invited Plaintiff to meet with the Board to discuss matters being reviewed in the Board's evaluation of Plaintiff's job performance. Defendants' Rule 56.1(b) Statement, Part II, ¶ 2.[1] In fact, Plaintiff's employment contract required him to meet with the Board to "discuss and evaluate their working relationship, rapport, and understanding." Defendants' Rule 56.1(b) Statement, Exh. 1, ¶ F. Plaintiff refused to meet with the Board to discuss its evaluation of his performance. ¶ 3.

Accordingly, the Board proceeded with its evaluation process. On April 18, 2001, Defendant Stephan personally handed Plaintiff a copy of his final written evaluation and written notice that the Board would convene a hearing on May 16, 2001, to consider terminating his employment. ¶ 6. When Plaintiff misunderstood this notice to state that he had been terminated, Defendant Stephan wrote to Plaintiff on April 24, 2001, to clarify that no decision had been made and that the matter would be considered at the May 16 hearing. ¶ 8.

Nonetheless, Plaintiff refused to attend the May 16 hearing. ¶¶ 9-13. Plaintiff attended those portions of the May 16, 2001, Board meeting during which the Board addressed other, unrelated agenda items, but when the Board entered into executive session Plaintiff and his counsel voiced

[1] Unless noted otherwise, all paragraph references are to Part II of Defendants' Rule 56.1(b) Statement, filed concurrently herewith.

their discontent with the process offered, left the room, and refused to return. ¶¶ 9-12. Neither Plaintiff nor his counsel submitted any evidence or statement of any kind for the Board to consider in its deliberations. ¶ 16.

Plaintiff has thus waived his right to object to the sufficiency of the procedures that were used at his pre-termination hearing. Plaintiff "was aware of the time and place of the Board meeting, that his continued employment was at stake, and that his dismissal was being recommended . . . . Nevertheless, with this knowledge, and after conferring with legal counsel, it was his decision not to attend the meeting." *Fern v. Thorp Public School*, 532 F.2d 1120, 1131-32 (7th Cir. 1976), *quoting Birswell v. Hazelwood School District*, 491 F.2d 490, 494-95 (8th Cir. 1974). Having failed to avail himself of the pre-termination hearing provided by the Board, Plaintiff "cannot now scour the record of the hearing he . . . ignored for flaws in its conduct." *Id.* Under these facts, there has been a "knowing and voluntary waiver" of any procedural due process claim. *Id. See also Flynn v. Sandahl*, 58 F.3d, 283, 288 (7th Cir. 1995) (an "employee cannot claim lack of due process when his employer offered him such a pretermination hearing and he refused to attend"); *Cliff v. Board of Education*, 42 F.3d 403, 413-14 (7th Cir. 1995) ("the right to such a hearing is waived when an employer offers a pre-termination hearing and the employee fails to accept"); *Alexander v. Kennedy-King College*, 1990 WL 179691, *6 (N.D. Ill. Nov. 2, 1990) (Rovner, J.) (collecting cases).

"Ordinarily, when an employer offers a pretermination hearing and the employee fails to accept, the *Loudermill* right to such a hearing is waived." *Ryan v. Illinois Department of Children and Family Services*, 185 F.3d 751, 761 (7th Cir. 1999). The Plaintiff in *Ryan* preserved his claim by submitting a written response to charges being made, but Plaintiff did not do so here. A claim

might also be preserved by presenting evidence that the hearing was a "sham," *Ryan*, 185 F.3d at 762, but no such evidence has been submitted here at summary judgment.[2]

Plaintiff frustrated the entire deliberative process by refusing to attend his pre-termination hearing. If Plaintiff had attended, he very well might have "persuaded the Board that their concerns were not well placed," Memorandum at 7, and avoided this litigation altogether – but by refusing to attend, he left the Board with no rebuttal to the charges that had been made and with no viable alternative but to move forward. Plaintiff cannot complain that the ensuing hearing was one-sided when he and his "side" were standing outside in the hall. *Alexander*, 1990 WL 179691, *7 ("although we may never know" what would have been the result of a hearing in which Plaintiff had participated, "our ignorance is due solely to Plaintiff's inaction").

Moreover, Plaintiff's participation could have "inform[ed the Board's] discretion in selecting the appropriate penalty." *Wozniak v. Conry*, 236 F.3d 888, 890 (7th Cir. 2001). Plaintiff cannot complain that the Board acted improperly without having prevailed upon them to act otherwise. "By waiving his hearing, [Plaintiff] deprived the school Board of the opportunity to provide him with due process, and he gave up his right to test the correctness of the Board's decision." *Cliff*, 42 F.3d at 414, *quoting Pitts v. Board of Education*, 869 F.2d 555,557 (10th Cir. 1989).

Simply put, Plaintiff "cannot sue in federal court to secure a right which he declined when it was voluntarily offered to him." *Suckle v. Radison General Hospital*, 499 F.2d 1364, 1367 (7th Cir. 1974). *See also Wozniak*, 236 F.3d at 890 ("one who has spurned an invitation to explain himself can't complain that he has been deprived of an opportunity to be heard"). Accordingly, Plaintiff has

---

[2] Although Plaintiff did make such an allegation in his complaint, that claim was based upon his allegations that certain members of the Board were biased against him, and he has deliberately and explicitly excluded issues of bias from the motion. Motion at Para. 3-6, Memorandum at p. 13, n. 8. Nowhere in his Motion, Memorandum, or Rule 56.1(a) Statement does Plaintiff provide any evidence of bias.

waived any procedural due process claim, and his motion for partial summary judgment on any such a claim should be denied.

## III. The Procedures Used at Plaintiff's Pre-Termination Hearing Were Proper

Plaintiff received all of the pre-termination process which was due. A full independent post-termination hearing is available to Plaintiff, and his pre-termination hearing therefore must be measured by the pre-termination standards set forth in *Loudermill* and its progeny. Because these standards were satisfied at Plaintiff's pre-termination hearing, Plaintiff's motion should be denied.

Due process is a "flexible" standard, and requires only "such procedural protections as the particular situation demands." *Morissey v. Brewer*, 408 U.S. 471, 481 (1972). Applying this standard, the Seventh Circuit has held that "abbreviated pre-termination processes" are permissible "where full post-deprivation processes are available." *Panozzo v. Rhoads*, 905 F.2d 135, 138 (7th Cir. 1990), *citing Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985). In particular, where full post-termination process is available, a public employer must provide the following pre-termination procedures: "(1) oral or written notice of the charges; (2) an explanation of the employer's evidence; and (3) an opportunity for the employee to tell his or her side of the story." *Head v. Chicago School Reform Board of Trustees*, 225 F.3d 794, 803-04 (7th Cir. 2000), *citing Loudermill*, 470 U.S. at 546. *See also, e.g., Staples v. City of Milwaukee*, 142 F.3d 383, 385 (7th Cir. 1998), *McCammon v. Indiana Department of Financial Inst.*, 973 F.2d 1348 (7th Cir. 1992).

Plaintiff's pre-termination included all of this process and more. In particular, Plaintiff was afforded:

- Written notice of the proposed termination four weeks in advance.
- Written explanation of the cause for termination.

- Copies of Board meeting minutes, other related documents, and written communications between Plaintiff and the Board.
- The right to be represented by counsel of his choice.
- The right to question Board members during the hearing.
- The right to present witnesses and other evidence on his own behalf.
- The right to testify to what absent witnesses would say on his behalf without application of hearsay rules.

These procedures meet and exceed the requirements for a pre-termination hearing under *Loudermill* and its progeny.

In fact, the Seventh Circuit has specifically ruled that employees are *not* entitled to present witnesses on their own behalf or to confront or cross-examine witnesses at a pre-termination hearing. *Staples*, 142 F.3d at 387. Plaintiff nonetheless was permitted to present witnesses on his own behalf, to testify to what absent witnesses would say on his behalf, and to confront and cross-examine statements made by Board members during his pre-termination hearing. To the extent Plaintiff bases his due process claim on the Board's failure to produce additional witnesses for confrontation or cross-examination, that claim is barred by *Staples*.

The additional procedures asserted by Plaintiff – including full confrontation rights and an opportunity to conduct discovery – would turn his pre-termination hearing into a full-blown trial. This defeats the very essence of *Loudermill* and its progeny. A pre-termination hearing "is not a full, trial-type evidentiary hearing," *Staples*, 142 F.3d at 387; it is only "an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Loudermill*, 470 U.S. at 545-46. The Seventh Circuit has explicitly rejected any suggestion that an employee has a

right to conduct discovery or a right to *Brady*-type disclosures at a pre-termination hearing. *Swank v. Smart*, 898 F.2d 1247, 1254 (7th Cir. 1990).

The one Seventh Circuit decision that Plaintiff cites to fault the procedures used by the Board is inapplicable here. In *Swank v. Smart, supra*, the Court held that the plaintiff was denied an "opportunity to be heard" on all charges where he was not allowed to respond to a written statement provided to the Public Safety Committee by the Chief of Police. In this case, to the contrary, Plaintiff was given the Board's written evaluation four weeks before the pre-termination hearing, and he was offered a full opportunity to be heard in response to the evaluation – an opportunity he chose to decline on two occasions, first by refusing to meet with the Board informally on April 18, 2001, and later by refusing to participate in his pre-termination hearing on May 16, 2001.

The decision of the Illinois First District Appellate Court in *Colquitt v. Rich Township High School*, 298 Ill.App.3d 856 (1st Dist. 1998), which Plaintiff also cites, is similarly not on point. *Colquitt* concerns student disciplinary proceedings, and implicates a balancing of completely different interests and completely different post-deprivation procedures. *Colquitt* has no application to the well-settled standards governing termination of public employees.

Plaintiff appears to concede that his hearing satisfied pre-termination requirements, Memorandum at 4, 8, but that his pre-termination hearing should be measured against full post-termination standards. This contention fails to account for the fact that full post-termination process is available to Plaintiff through the judicial system.

Illinois law provides Plaintiff with a full post-termination evidentiary hearing in which to review the decision to terminate his employment: a cause of action for breach of contract, which he is pursuing here. This is exactly the type of "full" post-termination process that reduces Plaintiff's pre-termination rights to the basic rights of notice, a summary of evidence, and an

opportunity to be heard. *Loudermill*, 470 U.S. at 545. Therefore, Plaintiff cannot succeed on his procedural due process claim: "[Plaintiff] has not alleged or shown that Illinois post-deprivation remedies are lacking. Therefore, [Plaintiff] has not made out a procedural due process violation that necessitates a federal remedy." *Strasburger v. Board of Education*, 143 F.3d 351, 358 (7th Cir. 1998).

Plaintiff appears to believe that remedies provided under Illinois law do not factor into the due process calculus. This argument has been rejected: "state law remedies in theory can satisfy due process as well as federal ones, so we require plaintiffs seeking federal remedies to show the state's remedies lacking." *Strasburger*, 143 F.3d at 358. *See also Lujan v. G&G Fire Sprinklers, Inc.*, 532 U.S. 189, 196-97 (2001) ("ordinary judicial process" in state courts can satisfy due process); *Schacht v. Wisconsin Dep't of Corrections*, 175 F.3d 497, 503 (7th Cir. 1999) (rejecting procedural due process claim because plaintiff "had adequate posttermination remedies under Wisconsin law"). In particular, the Seventh Circuit has noted that the right to bring an action in state court for breach of contract defeats a procedural due process claim. *Papapetropoulous v. Milwaukee Transport Serv, Inc.*, 795 F.2d 591, 601 n. 14 (1986).

The Court held in denying the Defendants' motion to dismiss that the Supreme Court's recent decision in *Lujan* did not dispense with the requirement of a pre-termination hearing. Consistent with this ruling, however, *Lujan* does provide that post-termination judicial process must be factored into the *Loudermill* calculus when balancing pre- and post-termination due process. *See Allen v. Miami-Dade County*, 2002 WL 732108 *2, n. 2 (S.D. Fla. March 19, 2002) (adequate remedy at state law defeats a procedural due process claim brought by public employees challenging a decision to transfer them out of their positions, citing *Lujan*); *Price v. Pennsylvania Prop. and Cas. Ins. Guaranty Ass'n*, 158 F.Supp.2d 547, 552 (E.D. Pa. 2001)

(right to pursue a cause of action under state law for breach of contract defeated a related procedural due process claim, citing *Lujan*); *Shakopee Mdewakanton Sioux (Dakota) Community v. Hatch*, 2002 WL 1364113 *6 (D. Minn. June 30, 2002) (statutory cause of action created under state law provides all of the process that is due in a deprivation of rights created under the statute, citing *Lujan*). Plaintiff's post-termination right to judicial process on his breach of contract claim, therefore, defeats his procedural due process claim.

Even public employees whose post-termination rights are limited to administrative hearings or arbitration are only entitled to the basic *Loudermill* rights at a pre-termination hearing. This is true even though arbitration provides something less than full judicial process: among other things, neither full discovery nor juries are provided, and arbitration awards are final and binding without direct appeal and only very limited grounds (such as fraud) for collateral attack. Indeed, the post-termination hearing in *Loudermill* itself was only an administrative hearing. Thus, even where the post-termination hearing provides less process than a full-blown jury trial, it is sufficient to satisfy due process in connection with a basic *Loudermill*-type pre-termination hearing.

Even the caselaw that Plaintiff cites from other Circuit Courts of Appeal supports this fundamental proposition. None of the plaintiffs in *McClure v. Independent Sch. Dist. No. 16*, 228 F.3d 1205 (10th Cir. 2000), *Garraghty v. Virginia Dep't of Corrections*, 52 F.3d 1274 (4th Cir. 1995), or *Argawal v. Regents of the University of Minnesota*, 788 F.2d 504 (8th Cir. 1986) had full post-termination process available to them: the plaintiff in *McClure* did not receive any post-termination process at all, and the plaintiffs in *Garraghty* and *Argawal* were limited to internal appeals of the decisions to terminate their employment. In the absence of full post-termination process, the Circuit Courts found the pre-termination procedures that were provided insufficient

for want of cross-examination (in *McClure* and *Garraghty*) and identification of witnesses (in *Argawal*). Because Plaintiff is afforded full post-termination process here, however, these cases do not support the position that he should receive greater pre-termination process.

Finally, Plaintiff relies upon the decision of the Seventh Circuit in *Hostrop v. Board of Junior College District No. 515*, 471 F.2d 488 (7th Cir. 1972) for the proposition that Plaintiff's pre-termination hearing should have provided an opportunity to "confront adverse witnesses at the hearing." *Hostrop*, 471 F.2d at 495. Contrary to Plaintiff's assertion that "the law has not changed in the intervening 30 years" since *Hostrop* was decided, Memorandum at 14, the law most certainly *has* changed – *Hostrop* was decided prior to *Loudermill*. The Supreme Court in *Loudermill* clearly held that all that is required at a pre-termination hearing is "some opportunity for the employee to present his side of the case." *Loudermill*, 470 U.S. at 543. "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.* at 546.

The pre-termination hearing provided to Plaintiff comported with the well-settled standards governing pre-termination hearings where full post-termination process is available. Plaintiff cannot make out a procedural due process claim, and his motion for summary judgment on that claim should be denied.

## IV. The Individual Defendants are Entitled to Qualified Immunity

To the extent that the individual defendants are sued in their individual capacities, they are entitled to absolute and qualified immunity, and Plaintiff's motion should be denied as applied to them.

The individual members of the Board are absolutely immune from claims for damages based upon "actions taken in the sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Absolute immunity ensures that legislative discretion is not inhibited by fear of judicial interference or personal liability; that the will of the electorate, as expressed through the democratic process, is preserved; and that well-qualified candidates are not deterred from entering public service. *Bogan*, 523 U.S. at 52. This last rationale applies with particular force at the local level, "where the part-time citizen-legislator remains commonplace" and "the time and energy required to defend against a lawsuit are of particular concern." *Id.*

"Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54. "Legislative" acts are characterized by the local officials' exercise of discretion, and trigger absolute immunity; "ministerial" and "administrative" acts, on the other hand, do not trigger absolute immunity. *Bogan*, 523 U.S. at 51-52; *Rateree v. Rockett*, 852 F.2d 946, 950 (7th Cir. 1988).

Plaintiff's allegations concerning the individual defendants here concern only discretionary acts which they have taken as members of the Board of Education: namely, their determination of rules and procedures to govern hearings before the Board; their participation in the hearing conducted prior to terminating his employment; and their individual determinations that his continued employment would not be in the best interests of the District. These actions are quintessentially discretionary in nature. The first, in addition, is fundamentally legislative.

In *Rateree*, the Court held that budget decisions, including the decision to eliminate positions for budgetary reasons, are legislative decisions. Although the budgetary determination had clear and immediate employment consequences, it was deemed legislative because the setting of budgetary priorities is a fundamentally legislative act. *Rateree*, 852 F.2d at 950-51.

Likewise, the determination of the rules and procedures by which board meetings, including hearings, are conducted is a fundamentally legislative determination; those rules govern the operations of the Board generally, and are not limited to the facts of this matter. Plaintiff's motion is based solely upon alleged deficiencies in those rules and procedures. The individual defendants are therefore entitled to absolute immunity and Plaintiff is not entitled to summary judgment against them.

The individual defendants are also entitled to qualified immunity. Qualified immunity extends to public officials with discretionary or policymaking authority who are acting in their official capacity. *Billings v. Madison Metropolitan Sch. Dist.*, 259 F.3d 807, 816 (7th Cir. 2001). Such officials are immune from liability and from suit unless their actions violate "clearly established statutory or constitutional rights then known to a reasonable [official]." *Id.* at 815-16, *citing Saucier v. Katz*, 531 U.S. 991 (2001).

Plaintiff must make a two-pronged showing to overcome qualified immunity. First, Plaintiff must establish that the facts alleged in his complaint, when viewed in the light most favorable to him, show that individual defendants violated a constitutional right. Second, if a constitutional violation can be shown, Plaintiff must show that the violated right was "clearly established" at the time of the alleged violation. *Id.*

As stated above, even viewing the facts alleged in the complaint in the light most favorable to Plaintiff, Plaintiff cannot establish that he was denied procedural due process. Plaintiff was provided with process exceeding the requirements of *Loudermill* and its progeny, and the individual defendants are therefore entitled to qualified immunity from this claim.

Moreover, even if Plaintiff were entitled to greater process than required by cases such as *Head* and *Staples*, this right was not "clearly established" so as to defeat qualified immunity. In

order to be "clearly established," a right must be established in a "particularized" sense and the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1982). This requirement is essentially a notice requirement: its purpose "is to ensure that a reasonable official would or should have been aware of the rights he or she may be violating." *Cleveland-Perdue v. Brutscue*, 881 F.2d 427,430 (1989), *citing Anderson*, 483 U.S. at 639-40.

As noted above, Plaintiff's due process claim relies upon caselaw from other Circuit Courts of Appeal that is contrary to binding Seventh Circuit precedent. It is appropriate to consider caselaw from other jurisdictions "in the *absence* of controlling authority on point," *see, e.g. Donovan v. Bailey*, 17 F.3d 944, 952 (1994) (emphasis added), but that is not the case here. There is controlling authority from both the Supreme Court (in *Loudermill*) and the Seventh Circuit (in cases such as *Head* and *Staples*), and that authority fully supported Defendants' understanding of pre-termination process. Defendants have not found any case in which qualified immunity was denied on the basis of caselaw from other jurisdictions that *contradicted* controlling authority. Indeed, such a result would defeat the very notice rationale that underlies the doctrine of qualified immunity: if public officials cannot rely upon controlling authority, they effectively would be denied notice of prohibited conduct. This is not a case where "recognition of the right[s asserted by Plaintiff] by a controlling precedent was merely a question of time." *Donovan*, 17 F.3d at 952, *Cleveland-Perdue*, 881 F.2d at 431. This is a case where recognition of these would be a *change* from controlling precedent. The rights asserted by Plaintiff, therefore, cannot be said to be clearly established, and the individual defendants are entitled to qualified immunity.

## V. Plaintiff Cannot Recover Punitive Damages from the Board of Education

Count II of Plaintiff's complaint, which states his due process claims, prays for punitive damages from all of the defendants. Punitive damages cannot be recovered from the Board under Section 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Simonsen v. Board of Educ. of City of Chicago*, 2001 WL 1250103, *8 (N.D. Ill. Oct 17, 2001). Moreover, to the extent that the individual defendants are being sued in their official capacities (in addition to their individual capacities), those claims are construed as claims against the Board itself. *Hernandez v. O'Malley*, 98 F.3d 293, 297 (7th Cir. 1996). Thus, to the extent that the individual defendants are named in their official capacities, Plaintiff cannot recover punitive damages from them.

## V. Conclusion

Plaintiff is not entitled to partial summary judgment. Plaintiff waived his right to object to the procedures used at his pre-termination hearing because he refused to attend or participate in the hearing. The procedures used at the hearing were sufficient nonetheless, however, because full post-termination process is otherwise available to Plaintiff. Finally, Plaintiff cannot obtain summary judgment against the individual defendants in their individual capacities because they are entitled to absolute and qualified immunity, and Plaintiff cannot recover punitive damages from the Board or from the individual defendants in their official capacities.

WHEREFORE, Defendants pray that the Court deny Plaintiff's motion for partial summary judgment, award Defendants their costs and fees incurred in responding to the motion, and grant such other and further relief as the Court deems proper and just.

Respectfully Submitted,

BOARD OF EDUCATION FOR WARREN COMMUNITY UNIT SCHOOL DISTRICT 205, JO DAVIES COUNTY, ILLINOIS, MONICA STEPHAN, ANNELISA CLEARY, JUDY GATES, MARY VINCENT, JOSEPH GREEN, DONALD HILL, and ROBERT LETHLEAN

By: Nancy F. Krent
One of their Attorneys

Date: 11/5/02

Nancy Fredman Krent
Robert E. Swain
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
847-670-9000

## CERTIFICATE OF SERVICE

I, Robert E. Swain, an attorney, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment was mailed this 5th day of October, 2002, by first class mail, postage prepaid, to John Murphey and Kelly Cleland, Rosenthal, Murphey & Coblentz, 30 North LaSalle Street, Suite 1624, Chicago, Illinois, 60602.

Robert E. Swain

Nancy Fredman Krent
Robert E. Swain
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
847-670-9000

S:\CLIENTS\WAR-205\101baird v warren sd 205\Summary judgment\Plaintiff's motion\response.doc

**CERTIFICATE OF SERVICE**

I, Robert E. Swain, an attorney, hereby certify that a true and correct copy of the foregoing Notice of Filing was mailed this 5th day of October, 2002, by first class mail, postage prepaid, to John Murphey and Kelly Cleland, Rosenthal, Murphey, & Coblentz, 30 North LaSalle Street, Suite 1624, Chicago, Illinois, 60602.

Robert E. Swain

Nancy Fredman Krent
Robert E. Swain
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
847-670-9000

\\moe\shared\CLIENTS\WAR-205\101baird v warren sd 205\Summary judgment\Plaintiff's motion\notice of filing.doc

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KELLY BAIRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 01 C 50228** |
| | ) | |
| **v.** | ) | **District Judge Philip G. Reinhard** |
| | ) | **Magistrate Judge P. Michael Mahoney** |
| **BOARD OF EDUCATION FOR** | ) | |
| **WARREN COMMUNITY UNIT** | ) | |
| **SCHOOL DISTRICT No. 205, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

FILED-WD
2002 NOV -6 AM 10: 47
U.S. DISTRICT COURT

To: John Murphey
Kelly Cleland
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, IL 60602

**NOTICE OF FILING**

Please take notice that on the 6th day of October, 2002, I caused the Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment and Defendants' Rule 56.1(b) Statement, copies of which are enclosed and hereby served upon you, to be filed with the Clerk of Court for the United States District Court, Northern District of Illinois.

By: [signature]
One of the Attorneys for Defendant

Date: 5 October 2002

Nancy Fredman Krent
Robert E. Swain
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
(847) 670-9000

FILED-WD
2002 NOV -6 AM 10: 47
CLERK
U. S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KELLY BAIRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 01 C 50228** |
| | ) | |
| **v.** | ) | **District Judge Philip G. Reinhard** |
| | ) | **Magistrate Judge P. Michael Mahoney** |
| **BOARD OF EDUCATION FOR WARREN COMMUNITY UNIT SCHOOL DISTRICT No. 205, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RULE 56.1(b) STATEMENT**

NOW COME the Defendants, the Board of Education for Warren Community Unit School District No. 205, Jo Davies County, Illinois (the "Board" or the "District") and Monica Stephan, Annelisa Cleary, Judy Gates, Mary Vincent, Joseph Green, Donald Hill, and Robert Lethlean (collectively, the "individual defendants"), by and through their counsel, Nancy Fredman Krent and Robert E. Swain, Hodges, Loizzi, Eisenhammer, Rodick & Kohn, and state the following pursuant to Local Rule 56.1(b) of the Northern District of Illinois:

**I. Response to Plaintiff's Rule 56.1(a) Statement**

1 – 8. Defendants do not dispute the statements in Paragraphs 1 through 8 of Plaintiff's Rule 56.1(a) Statement.

9. Defendants dispute Paragraph 9 of Plaintiff's Rule 56.1(a) Statement. The document attached and incorporated into Plaintiff's Rule 56.1(a) Statement as Exhibit 1 is missing a page and, therefore, is not a true and complete copy of

Plaintiff's employment agreement. A true and complete copy of Plaintiff's employment agreement is attached hereto and incorporated herein as Exhibit 1.

10 – 21. Defendants do not dispute the statements in Paragraphs 10 through 21 of Plaintiff's Rule 56.1(a) Statement.

22. Defendants dispute the statement in Paragraph 22 of Plaintiff's Rule 56.1(a) Statement that Plaintiff "appeared" at his pre-termination hearing insofar as this statement implies that Plaintiff attended or participated in the hearing. As noted below, Plaintiff was present during those portions of the Board meeting held May 16, 2001, that concerned other, unrelated items of District business, but Plaintiff and his counsel chose to leave the room before his pre-termination hearing began.

23. Defendants dispute Paragraph 23 of Plaintiff's Rule 56.1(a) Statement. The document attached and incorporated into Plaintiff's Rule 56.1(a) Statement as Exhibit 9 is missing a page and, therefore, is not a true and complete copy of the resolution passed by the Board of Education and provided to Plaintiff. A true and complete copy of this resolution is attached hereto and incorporated herein as Exhibit 2.

## II. Defendants' Statement of Additional Undisputed Facts

### A. Written Performance Evaluation

1. The Board conducted a review of Plaintiff's job performance and prepared a written evaluation during March and April of 2001. See Affidavit of Monica Stephan, Exh. 3, ¶ 2.

2. In connection with this process, the then-President of the Board, Defendant Monica Stephan, invited Plaintiff to meet with the Board to discuss matters being addressed in his evaluation. Exh. 3, ¶ 2.

3. Plaintiff refused and stated that he did not wish to discuss the matter with the Board. Ex. 3, ¶ 2.

4. The Board finalized its evaluation of Plaintiff during a Board meeting held on April 18, 2001. Exh. 3, ¶ 3.

5. Defendant Stephan personally handed a copy of this final written evaluation to Plaintiff on April 18, 2001. Exh. 3, ¶ 3.

**B. Written Notice of Hearing**

6. On April 18, 2001, Defendant Stephan personally handed Plaintiff written notice that the Board would conduct a hearing during a meeting on May 16, 2001 to consider terminating his employment with the District. Exh. 3, ¶ 3. A copy of this notice is attached to and incorporated into Plaintiff's Rule 56.1(a) statement as Exh. 5.

7. This notice informed Plaintiff that the reason for his termination was "the unsatisfactory performance of your duties as Superintendent/Principal of this District"; that the inadequacies in his performance were as outlined in his evaluation; and that he had the right to be represented by an attorney of his choice at the hearing. Exh. 3, ¶ 4. *See also* Plaintiff's Rule 56.1(a) Statement, Exh. 5.

8. On April 24, 2001, Defendant Stephan mailed Plaintiff a letter to address his apparent misunderstanding that the Board had terminated his employment at the April 18 meeting. Exh. 3, ¶ 5. A true and accurate copy of this letter is attached as Exhibit A to Exhibit 3 and incorporated herein.

**C. Plaintiff's Pre-Termination Hearing**

9. The hearing to consider terminating Plaintiff's employment was the last agenda item for the May 16, 2001 meeting; the meeting began with a number of items of unrelated District business. Exh. 3, ¶ 6.

10. Plaintiff was present at the beginning of the meeting and while the Board addressed these other, unrelated agenda items. Exh. 3, ¶ 6.

11. After addressing these other, unrelated agenda items, the Board entered into executive session to conduct the hearing to consider terminating Plaintiff's employment. Exh. 3, ¶ 7.

12. Before the hearing began, Plaintiff and his counsel objected to the hearing and walked out of the room. Exh. 3, ¶ 7.

13. Plaintiff was fully aware that the hearing was about to begin and that it would go forward in his absence. Exh. 3, ¶ 7.

14. The hearing proceeded in Plaintiff's absence. Exh. 3, ¶ 8.

15. The Board reviewed Plaintiff's evaluation, deliberated possible action, and resolved to terminate Plaintiff's employment at the end of the 2000-2001 school year. Exh. 3, ¶ 8.

16. At no time did Plaintiff submit or ask the Board to consider any evidence or statement of any kind, whether written or verbal, in preparing or reviewing his evaluation or in conducting the May 16, 2001, hearing to consider terminating his employment. Exh. 3, ¶ 9.

Respectfully Submitted,

BOARD OF EDUCATION FOR WARREN COMMUNITY UNIT SCHOOL DISTRICT 205, JO DAVIES COUNTY, ILLINOIS, MONICA STEPHAN, ANNELISA CLEARY, JUDY GATES, MARY VINCENT, JOSEPH GREEN, DONALD HILL, and ROBERT LETHLEAN

By: [signature]
One of their Attorneys

Date: 5 October 2002

Nancy Fredman Krent
Robert E. Swain
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
847-670-9000

## CERTIFICATE OF SERVICE

I, Robert E. Swain, an attorney, hereby certify that a true and correct copy of the foregoing Defendants' Rule 56.1(b) Statement was mailed this 5th day of October, 2002, by first class mail, postage prepaid, to John Murphey and Kelly Cleland, Rosenthal, Murphey & Coblentz, 30 North LaSalle Street, Suite 1624, Chicago, Illinois, 60602.

Robert E. Swain

Nancy Fredman Krent
Robert E. Swain
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
847-670-9000

S:\CLIENTS\WAR-205\101baird v warren sd 205\Summary judgment\Plaintiff's motion\rule 56 statement.doc