**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KELLY BAIRD, Plaintiff, | ) | |
| v. | ) | Case No. 01 C 50228 |
| BOARD OF EDUCATION FOR WARREN COMMUNITY UNIT SCHOOL DISTRICT NO. 205, JO DAVIESS COUNTY, ILLINOIS, MONICA STEPHAN, ANALISA CLEARY, JUDY GATES, MARY VINCENT, JOSEPH GREEN, DONALD HILL, and ROBERT LETHLEAN, | ) | Hon. Philip G. Reinhard<br><br>Magistrate Judge<br>P. Michael Mahoney |
| Defendants. | ) | |

FILED-WD
2002 NOV 20 AM 11:07
CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT**
**OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Limited pre-termination hearings are permissible only if full post-termination procedures are available.**

**Head v. Chicago School Reform Board of Trustees, 225 F.3d 794, 803 (7th Cir. 2000)**

## I THE WAIVER ISSUE–A PARTY DOES NOT WAIVE HIS RIGHT TO A CONSTITUTIONALLY ADEQUATE PRE-TERMINATION HEARING BY REFUSING TO PARTICIPATE IN A CONSTITUTIONALLY DEFECTIVE SHAM HEARING

The record is undisputed that defendants refused to provide Baird with the names of his accusers; refused to provide him with the opportunity to confront his accusers; refused to allow anything but the most truncated, straight jacketed form of cross-examination of selected board members; and rebuffed–in writing–requests for a full due process hearing. They told Baird all he would receive wold be an abbreviated Loudermill hearing. In the face of specific notice as to these

35

blatant due process violations, defendants argue (at 1-5) that Baird "waived his right to a pre-termination hearing." Def. Mem. at 2. Defendant's argument reduces to this extraordinary proposition: "We are not going to give you a constitutionally adequate hearing. We are telling you in advance that we are not going to give you a constitutionally adequate hearing. We are rejecting in advance any basic procedural due process elements. But if you don't participate in this constitutionally deficient hearing, you have waived your right to a constitutionally adequate hearing."

This argument is arrant nonsense. It is defeated by the very cases defendants purport to cite as authority for their waiver proposition.

In Cliff v. Board of Education, 42 F.3d 403 (7th Cir. 1994), plaintiff opted for post-termination arbitration and declined the employer's opportunity for a pre-termination hearing. The court found (at 413-414) that "in these circumstances" the employee waived her right to a pre-termination hearing when the employer offered such hearing and the employee failed to accept. The two cases cited by Cliff (and defendants) are Fern v. Thorp Public School, 532 F.2d 1120, 1134 (7th Cir. 1976) and Suckle v. Madison General Hospital, 499 F.2d 1364 (7th Cir. 1974). They set forth the applicable rule.

In Fern, the court emphasized that "The primary sense of due process is 'an opportunity to be heard and to defend [his] substantive right.'" [citation]. Due process of law provides rights to people who would be deprived the "meaningful opportunity of demonstrating such violation through the procedure of a fair hearing. When such a hearing is offered, the offeree should assume that it will be a fair hearing until the offeror indicates otherwise." Id. at 1133. [Emphasis added] In Suckle, supra, the court stated (critical to the present case):

> We find it controlling that the offer of a hearing set forth no procedural details which clearly precluded compliance with due process. Under these circumstances, plaintiff should have asked for any additional safeguards he desired. Until the question whether a particular procedural rule will be applied is directly posed, the likelihood is that a committee of doctors will not have thought about it, for it is not a common responsibility of the medical profession to administer due process hearings. Plaintiff complains that the decision below required him to speculate what the response to his request for additional safeguards might have been. We hold that when such a hearing is offered, the offeree should assume that it will be a fair hearing until the offeror indicates otherwise. Cf. Miller v. School District No. 167, 495 F.2d 658, 660 (7th Cir. 1974), where the hearing offered plaintiff was clearly insufficient under the law at the time the hearing was offered.

Id. at 499 F2d. 1366. [Emphasis added]

The other case principally cited by the Seventh Circuit in Cliff is Correa v. Nampa School District No. 131, 645 F.2d 814 (8th Cir. 1981). In Correa, the court held that a person cannot state a claim for a procedural due process violation "when he has elected to forego a complete hearing" only "where adequate administrative procedures exist ..." Finally, in Pitts v. Board of Education, 869 F.2d 555 (10th Cir. 1989) waiver was found when the employee was "fully informed of his considerable procedural rights" which "clearly meet the requirements of the due process clause." Id. at 557.

Baird acted in reliance on these longstanding rules of procedural due process jurisprudence. Baird asked for constitutionally adequate procedures, and was denied. The rules developed by the Seventh Circuit for such situations are entirely reasonable. If a public employer sets upon depriving an employee of his property interest by terminating him, one should presume the employer will observe the law and follow constitutionally adequate procedures. But, if that public employer (i) specifically notifies the employee of the procedures that will and will not be utilized, (ii) denies a request for additional procedures, and (iii) those procedures are constitutionally deficient, then (iv)

the presumption disappears and the employee does not waive his procedural due process claim by making his protest and not participating in the deficient proceeding.

In simplest terms, Baird could not waive a right which defendants affirmatively advised him they were not going to provide. Defendants' citation to Ryan v. Illinois DCFS, 185 F.3d 751, 761 (7th Cir. 1999) is of no avail. Ryan discusses only the general rule and cites Cliff. The Ryan case does not dislodge the longstanding rule that if the announced procedures are deficient, a public employee is not obligated to engage in a constitutionally futile exercise.[1]

The most striking example of defendants' incompleteness on this point is their citation of Wozniak v. Conry, 236 F.3d 888 (7th Cir. 2001). Wozniak specifically recites what we believe to be an undisputed principle that "an evidentiary hearing is required only if there are material factual disputes." 236 F.3d at 890. To say the least, there are factual disputes in this case. Had the Board given Baird the names of his accusers, given him the factual basis for the multitude of charges, and given him the opportunity to confront and examine his accusers, both on and off the School Board, perhaps the Board's "discretion" would have been better informed. Defendants chose not to. And that was constitutional error. The law is clearly established that when the procedures advertised by the employer and are deficient, there is no waiver by refusing to submit. And as we have set forth in our opening memorandum and elsewhere in this Reply, the procedures used at plaintiff's pre-termination hearing were not proper.

---

[1]Defendants cite Alexander v. Kennedy King College, 1990 WL 179691 (N.D.IL. 1990). By its terms, Alexander enunciates the rule from the Suckle case that judicial relief is not warranted where a plaintiff "'rejects a seemingly adequate hearing without inquiring about procedural details that he considers crucial.'" The defendants have a seeming penchant for inadequacy–they provide an inadequate hearing to plaintiff and provide inadequate case summaries to this court.

## II THE LOUDERMILL ABBREVIATED HEARING RULE DOES NOT APPLY IN THE PRESENT CASE WHERE THE BOARD OF EDUCATION PROVIDES NO POST TERMINATION ADMINISTRATIVE REMEDIES. WHEN A PUBLIC EMPLOYEE WITH A PROPERTY INTEREST IS TO RECEIVE ONLY ONE ADMINISTRATIVE PRE-TERMINATION HEARING, HE IS ENTITLED TO FULL PROCEDURAL DUE PROCESS PROTECTION. A WRONGFUL TERMINATION STATE COURT LAWSUIT DOES NOT RELIEVE DEFENDANTS OF THEIR DUE PROCESS RESPONSIBILITIES, BECAUSE THE DEPRIVATION BY DEFENDANTS IS COMPLETE UPON TERMINATION.

Faced with the McClure decision expressly on point, defendants make an argument which would eviscerate public employee procedural due process law. Their argument is at complete odds with compelling case law authority throughout this country. In essence, this is defendants' argument: "We do not have to give you anything other than the bare minimum Loudermill procedural due process protection because you can file a lawsuit in state court." To accept this proposition, the court would have to ignore clearly established law.

We begin with Loudermill and Gilbert. Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985) and Gilbert v. Homar, 520 U.S. 924 (1997). As the Gilbert court summarized Loudermill:

> ... a public employee dismissible only for cause was entitled to a very limited hearing prior to his termination to be followed by a more comprehensive post-termination hearing. Stressing that the pre-termination hearing should be 'should be an initial check against mistaken decisions–essentially a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action,' [citation] we held that pre-termination process need only include oral or written notice of the charges, an explanation of the employer's evidence and an opportunity for the employee to tell his side of the story...

Gilbert, supra at 929, 117 S.Ct. 1811.

The Loudermill court specifically rested its holding on provisions in Ohio law providing for a full post-termination administrative hearing. 105 S.Ct. at 1495-6. Thus, the Loudermill allowance for "very limited hearing prior determination was sufficient provided that it was followed by a more comprehensive post-termination hearing." O'Neill v. Baker, 210 F.3d 41, 48 (1st Cir 2000).

In all of the Seventh Circuit cases dealing with termination of individual public employees for cause, the court has upheld abbreviated Loudermill hearings only where they are to be followed by full-blown adversary post-termination administrative hearing to be conducted under the auspices of the administrative agency itself. In Panozzo v. Rhodes, 905 F.2d 135 (7th Cir. 1990) the Seventh Circuit held that abbreviated pre-termination process similar to that provided Baird in this case was constitutionally sufficient only because "full post-deprivation processes are available under the provisions of the village personnel policy which provides a right to appeal any disciplinary action [to the Village Board of Trustees]." Id. at 138. That is the reason the "Loudermill standards apply to this case." Id. at 139.[2] Similarly in Chaney v. Suburban Bus Division Regional Transportation Authority, 52 F.3d 623 (7th Cir. 1995), the court held that Loudermill minimal due process was acceptable on a pre-termination basis because the collective bargaining agreement provided for post-termination arbitration with a full panoply of procedural rights. See also Wallace v. Tilley, 41 F.3d 296 (7th Cir. 1994).

The centerpiece of defendants' argument that a Loudermill pre-termination hearing is sufficient under these circumstances is Staples v. City of Milwaukee, 142 F.3d 383 (7th Cir. 1998). As with most of their other arguments, defendants' position here is defeated by an analysis of the

[2]The undersigned has some familiarity with Panozzo, since he represented the defendants in that case.

case itself. On its facts, Staples dealt with the issue of the adequacy of notice. Nevertheless, the court made it very clear that the minimal Loudermill protection is acceptable only where it is "to be followed by a more comprehensive post-termination hearing." Id. at 385. Defendants ignore the fact that the employee in Staples was a civil servant. As the Seventh Circuit citation to Listenbee v. City of Milwaukee, 976 F.2d 348 (7th Cir. 1992) makes clear, under Wisconsin law the governing statute (Wi. St. 63.43) provides for a speedy and extensive post-termination hearing before the Civil Service Commission accompanied by the right to subpoena witnesses, representation by counsel, and cross-examination. Even upon a cursory review, Staples stands for exactly the opposite proposition than that being urged by defendants. It is undisputed that in the present case there was no post-termination administrative process at all–the Board hearing was the extent of the process being provided by the School District.

The law is undisputed that "the constitutional requirements of a pre-termination 'opportunity to respond' are minimal so long as extensive post-termination hearing is available." Tayson v. Lilly, 2000 WL 33710847 (D.Utah) (citing inter alia Henning v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir. 1998). See also, Burton v. Sheahan, 2001 WL 563777 (N.D.IL. 2001) emphasizing that a Loudermill hearing combined with a "comprehensive hearing before the merit board" satisfied due process; Kaiser v. Naperville Community Unit School District, 2002 WL 2010185 (N.D.IL. 2002) (emphasizing that the denial of a full post-termination hearing by the employing school board is a constitutional violation). It is indefensible for defendants to claim that the law actually provides that the bare Loudermill pre-termination hearing rules apply in the absence of a full blown post-termination adversary hearing. In 1995, courts were routinely stating:

> In [Loudermill] the Supreme Court held that a public employee who has a property interest in continued employment must receive some type of pre-termination hearing before he is deprived of his position.... Also a full blown adversarial post-termination hearing is required unless that type of hearing occurs before termination. [citing inter alia Calhoun v. Gaines, 982 F.2d 1470, 1476 (10th Cir. 1992).

DeFries v. Town of Washington, 875 F.Supp. 756, (W.D.Okl. 1995); see also Whartenby v. Winnisquam Regional School District, 2001 WL 1033615 (D.N.H. 2001) (if an employee "is not given a full hearing prior to termination he must have access to a full hearing after termination."[3] Ignoring this weight of precedent, defendants attempt a different tactic. They argue that a common law state court lawsuit for breach of contract or wrongful termination represents the post-termination process which is due. See Def. Mem. at 7 ("Full post-termination process is available to plaintiff through the judicial system.")

This abhorrent view is antithetical to the protection public employees have under the procedural due process clause. It is the employer who is terminating this employee. It is the employer which has the constitutional obligation to provide due process to this employee before the termination is complete. The employer is excused from providing full due process at the pre-termination Loudermill stage only when the employer provides full post-termination process. In that sense, the Loudermill hearing provides the "initial check" against wrongful termination. Defendants

---

[3]Indeed, when going no further than conducting a simple search on one of the commercial engines (Google.com, Lycos.com, Yahoo.com) under the term "Loudermill hearing," to find that a Loudermill hearing is acceptable only if the administrative agency itself provides full adversarial post-termination due process. The undersigned, in his capacity as one of the authors of Professor Nahmod's "Annual Conference on Section 1983 Civil Rights Litigation" (Chicago-Kent College of Law), wrote in the 2000 Edition, "...if there is no post-termination process, [then] the individual employee is entitled to a hearing at which he is (i) allowed to be represented by counsel, (ii) allowed to present testimony on his behalf, and (iii) allowed to cross-examine witnesses who have come forward against him." Murphey, "Due Process and First Amendment Public Employment Actions," at 21.

are asserting without any authority that the ability to file a state court lawsuit relieves a public employer from providing constitutionally adequate due process.[4] All of the cases teach that in order for post-termination process to be adequate, it must be provided by the administrative agency itself. When the administrative agency is complete the deprivation is complete. To accept the argument that a state court lawsuit after a truncated hearing provides all the process which is due would turn Loudermill and its progeny into a dead letter. Public bodies would eliminate any meaningful internal review, provide the bare minimum hearing, and challenge the ex-employee with no income to file a "wrongful termination" case. This cannot be the law.[5]

In reality, defendants are attempting to impermissibly spin the rule in Parratt v. Taylor, 451 U.S. 527 (1981). Under Parratt, if a property deprivation occurs as a result of "random and unauthorized" state action (which could not be predicted by the governmental body), there is no due process violation if the state provides fully adequate post-deprivation remedies. The Parratt rule has no place in employee terminations. See Schultz v. Baumgart, 738 F.2d 231 (7th Cir. 1984) (if an employee is "terminated without those protections, the constitutional deprivation was then complete," and a post-deprivation court hearing does not "cure this original violation where a

---

[4]In a feeble attempt to distinguish away the controlling decision in McClure v. Independent School School District, 228 F.3d 1205 (10th Cir. 2000), defendants claim (at 9) that the plaintiff in McClure "did not receive any post-termination process at all ..." That is true. The reason Ms. McClure didn't receive any post-termination process is that the school board did not provide any. Therein lay the violation. We ask this Court to recognize defendants' continued misrepresentation of this case authority. We respectfully submit to this Court that when a party misrepresents controlling case authority in this manner, it is a tacit admission of the compelling effect of that authority.

[5]This argument also overlooks the purpose of procedural due process. To some extent it doesn't matter whether or not cause exists for termination–the right to a fair hearing is a fundamental right in and of itself.

meaningful pre-deprivation hearing was possible."); Martin v. Nebraska Department of Public Institutions, 584 NW2d 485 (Neb.App. 1998) (collecting cases). This termination was neither random nor unauthorized. Post-termination state court remedies for breach of contract or wrongful termination cannot serve as a substitute when the public employer deliberately shirks its due process responsibility.

In what can only be characterized as lawyerly gobblygook, defendants' (at 7) feebly attempt to distinguish the Illinois Appellate Court's case in Colquitt vs. Rich Township High School, 298 Ill.App.3d 856 (1st Dist. 1998).[6] Defendants state that the Colquitt case concerns student disciplinary proceedings (true) and therefore "implicates a balancing of completely different interests and completely different post-deprivation procedures." What? A school superintendent facing termination and career deprivation has at least as important a private interest as a student facing a one or two year exclusion from school. Defendants have not chosen to enlighten this Court as to what these "completely different interests" are. As with most of their Memorandum this assertion is vacant.

We call this Court's particular attention to defendants' halfhearted attempts (at 9-10) to distinguish away McClure. Like Colquitt, McClure is precisely on point. There is no reason to think that the school principal in McClure did not have a state law cause of action. The due process violation was entirely separate. Defendants should know better.

---

[6]As set forth in our opening Memorandum, the Illinois Appellate Court held that a student facing a one or two year expulsion has the procedural due process right to confront and cross-examine his accusors before expulsion and the school district could not rely on hearsay testimony as a basis for expulsion.

In what is perhaps a tacit confession, defendants claim that giving plaintiff the additional rights of cross-examination, confrontation and discovery as to the names of his accusers would turn the pre-termination hearing "into a full-blown trial," thus defeating "the very essence of Loudermill and its progeny." This assertion reflects either a fundamental misunderstanding of due process or an intentional attempt to obscure. Public employees with property interests are entitled to these "trial type procedures" from their employer before final termination. The fact in the matter is that when a public employer confers a property interest on an employee and then sets out to terminate him for cause, it must–at some step of the process–provide the necessary procedural protections before that termination decision becomes final.[7]

We respectfully submit to this Court that the procedural due process rules for the termination of employees with a property interest are simple. They are as follows:

1. Absent unusual circumstances (Gilbert), a public employer must always provide pre-termination process.

2. That pre-termination process may be abbreviated and truncated, so long as the employer provides full procedural due process protections at the post-termination stage. Loudermill.

3. If fully adequate post-termination administrative process is not provided (by way of a civil service commission hearing, a merit board hearing, a collective bargaining agreement arbitration process, etc.), then the full panoply of procedural due process rights must be provided on a pre-termination basis. McClure, Head, Schultz. Those rights include the rights denied in this case: the

---

[7]The Board's complaint regarding the "trial type" process is unavailing. Nobody forced the School Board to confer a property interest on Dr. Baird. Had the School Board observed due process, it would have spent a lot less money than it is spending now.

right to the identity of the accusers, fair notice of the charges, the right to confront and the right to cross-examine.

Defendants, through their attorneys, made a specific tactical decision to deny Dr. Baird those rights in spite of repeated requests that those rights be recognized and provided. These facts are undisputed. It is a question of law. These defendants violated Kelly Baird's procedural due process rights and this Court should so recognize and grant summary judgment in Baird's favor.

## III THE INDIVIDUAL DEFENDANTS ARE IMPROPERLY ASSERTING AFFIRMATIVE DEFENSES IN AN ANSWERING MEMORANDUM. IN THE ALTERNATIVE, THE INDIVIDUAL DEFENDANTS ARE NOT IMMUNE

The individual defendants have re-raised their absolute and qualified immunity defenses. We ask that the Court strike this portion of the Memorandum for the following reasons. First, the defendants raised these same defenses in a prior Motion to Dismiss and this Court has denied the Motion. Alternatively, issues such as immunity must be affirmatively raised by the defendants themselves by way of their own Motion for Summary Judgment. It is their obligation to file their Motion and we are entitled to a full opportunity to answer that Motion. Accordingly, this Section of the answering Memorandum should be stricken.[8]

Should this Court once again review the qualified immunity argument, it is clear these defendants are not entitled to qualified immunity. The principles we have discussed above were clearly established in the summer of 2001. As we have set forth above, Staples has no applicability to this case because the pre-termination hearing was followed by a post-termination administrative

---

[8]We have previously addressed these arguments in our Memorandum in Opposition to the Motion to Dismiss. See Memorandum at 13-15.

hearing. Defendants' citation of Head v. Chicago School Reform Board of Trustees, 225 F.3d 794 (7th Cir 2000) proves our case. In Head, the court stated the general rule that a "public employer who removes an employee from a job in which the employee has a constitutionally protected property interest must provide certain limited pre-termination procedures..." 225 F.3d at 803. But, in footnote 8, the Court made the rule crystal clear:

> **Limited pre-termination procedures are permissible only if full post-termination procedures are available. [Citing Loudermill]**

See also Cooper v. Salazar, 201 WL 1351121 (N.D.IL 2001), where the court cited Head and once again emphasized that "Limited pre-termination procedures are permissible only if full post-termination procedures are available."

Contrary to defendants' contentions, Seventh Circuit case authority available to defendants in May 2001 made it clear that the limited Loudermill procedures satisfy due process only if the governmental employer provides for a "more comprehensive" post-termination hearing. Gilbert v. Homar, 520 U.S. 924, 929 (1997). Once again, this leaves defendant confronting McClure, supra, at 228 F.3d 1205, 1211 (10th Cir. 2000). As we have emphasized in our opening Memorandum, McClure is directly on point and squarely held that where the public employer provides only a single hearing to an employee, the "due process inquiry is governed by the requirements applied to post-termination hearings." 228 F.3d 1211.

When determining whether a constitutional right is clearly established for qualified immunity "state as well as federal decisions can be considered." Starlight Sugar v. Soto, 253 F.3d 137, 142 (1st Dist. 2001). "A right is clearly established if there is binding precedent from the Supreme Court, the [Seventh] Circuit, the District Court itself, or other Circuits that is directly on point." Risbirdger

v. Connelly, 275 F.3d 565, 568 (6th Cir. 2002). McClure is directly on point. It was decided before this incident. It should have guided defendants' conduct. They are not entitled to qualified immunity.

## IV CONCLUSION

We request the Court to grant Plaintiff Summary Judgment (liability only) as to this aspect of his procedural due process claim.

Respectfully submitted,

KELLY BAIRD, Plaintiff

By: ______________________
JOHN B. MURPHEY
One of his Attorneys

JOHN B. MURPHEY
ARDC#1992635
KELLY CLELAND
ARDC#6242688
ROSENTHAL, MURPHEY & COBLENTZ
30 No. LaSalle - Suite 1624
Chicago, IL 60602
Teleph # (312) 541-1072
Fax # (312) 541-9191

G:\rmcj\SD205-Baird\PltfReplyMemoSMPSJ.wpd

*In re:*

**3:01-cv-50228**
**U.S.Dist.Ct.,Northern Ill.,Western Div.**
**Baird v. Bd. of Ed. S.D.205, *et al.***

## PROOF OF SERVICE

The undersigned certifies under penalty of perjury as true that s/he served a copy of the attached **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** upon:

Nancy Fredman Krent, Esq.
and Robert Swain, Esq.
HODGES, LOIZZI, EISENHAMMER,
RODICK & KOHN
3030 Salt Creek Lane
Suite 202
Arlington Heights, Illinois 60005

Scott A. Berndtson
Law Offices of Scott A. Berndtson, P.C.
2561 Windy Lane
Galena, Illinois 61036

by facsimile and also by placing a true and correct copy of same into an envelope correctly addressed as aforesaid properly posted and depositing same into the U.S. Mail at 30 No. LaSalle Street, Chicago, Illinois 60602 on or before the hour of 5:00 p.m. on November 18, 2002.

ROSENTHAL, MURPHEY & COBLENTZ
30 North LaSalle Street
Suite 1624
Chicago, Illinois 60602
Teleph # (312) 541-1070
Fax # (312) 541-9191

G:\rmcj\SD205-Baird\Proof Service5.wpd