Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50228 | **DATE** | 9/4/2003 |
| **CASE TITLE** | BAIRD vs. BOARD OF EDUCATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for partial summary judgment as to liability on procedural due process grounds is denied. Defendant's motion for summary judgment is granted as to the procedural due process claims. Defendant's motion to strike is denied. The court declines to exercise supplemental jurisdiction over the state law breach of contract claim, which is remanded to state court. The balance of this case is dismissed with prejudice.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

No notices required, advised in open court.
No notices required.
✓ Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
✓ Mail AO 450 form.
✓ Copy to judge/magistrate judge.

/SEC courtroom deputy's initials

Date/time received in central Clerk's Office

SEP - 4 2003 date docketed
9-4-03 date mailed notice

# MEMORANDUM OPINION AND ORDER

Plaintiff, Kelly Baird, filed a two-count complaint in state court against defendants, Board of Education for Warren Community Unit School District No. 205 ("Board") and its individual members ("individual defendants"). The complaint alleges breach of contract in count I and a claim under 42 U.S.C. § 1983 for deprivation of procedural due process in count II. Defendants properly removed the action to this court based on federal question jurisdiction over the § 1983 claim. 28 U.S.C. §§ 1331, 1441(a). The court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367. Plaintiff moves for partial summary judgment as to liability on the prong of his section 1983 claim which claims the procedures provided prior to his termination were inadequate. Defendants also move for summary judgment and to strike plaintiff's response to defendant's motion for summary judgment.

Plaintiff was hired by the Board under a 3-year contract to serve as superintendent/principal. The Board terminated plaintiff's employment under the "for cause" provision of the contract after only one year. The contract provided that discharge "for cause shall be for any conduct, act, or failure to act by the Superintendent which is detrimental to the best interests of the School District. Reasons for discharge for cause shall be given in writing to the Superintendent, who shall be entitled to notice and a hearing before the Board to discuss such causes." Plaintiff asserts the Board failed to provide him with a termination hearing that met constitutional procedural due process standards. On April 18, 2001, The Board sent plaintiff a letter notifying him of its intent to terminate him for cause, advising him of a May 16, 2001, hearing on the termination, that the causes for termination were set forth in his evaluation which was included with the letter and that he could be represented at the hearing. Plaintiff's counsel responded to this letter with a letter requesting information concerning charges in the evaluation and requesting a continuance of the termination hearing. The Board responded through its counsel by letter dated May 9, 2001, which indicated it was denying most of plaintiff's requests. The letter also stated that plaintiff could call witnesses but that the Board did not have subpoena power to compel witness attendance, that the Board would not call witnesses, that a single board member would present the case for termination, that other board members would speak to certain issues and that questions by plaintiff would be limited to being directed to the board member presenting the case and to other board members only as to matters to which the board member had spoken. Plaintiff's counsel responded that the Board's failure to produce any witnesses rendered it impossible to cross-examine them and the failure to produce the names of individuals who provided the factual basis for the evaluation made it impossible for plaintiff to call them as witnesses. Plaintiff's counsel stated the inability to cross-examine his accusers made it impossible for plaintiff to defend himself against the accusations, that the procedures provided could not produce a fair hearing, and that plaintiff would not participate in the hearing beyond appearing to object to the procedures. The scenario described in the correspondence played itself out and plaintiff was terminated.

Defendants maintain the procedures followed met the constitutional standards for procedural due process for a pre-termination hearing because they provided plaintiff notice and an opportunity to be heard with a right to sue for breach of contract providing an adequate post-termination remedy. Plaintiff argues that because the pre-termination hearing was the only hearing, it had to provide the right to cross-examine his accusers in order to satisfy minimal procedural due process requirements and that the constitutional requirements are not met by the availability of a post-termination breach of contract action. To meet procedural due process requirements, a pre-termination hearing must provide notice of the charge, an explanation of the basis of the charge and an opportunity to respond. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Plaintiff was given notice of the hearing and his evaluation which set out the perceived deficiencies in his performance. The hearing procedures allowed him to respond to these charges by presenting witnesses and his own evidence. This procedure was sufficient for a pre-termination hearing. See id.

Plaintiff contends the pre-termination hearing was insufficient because it was the only hearing and did not allow him the opportunity to confront his accusers in a meaningful way. However, the hearing that was offered, coupled with the right to bring a state law breach of contract claim, provided plaintiff with due process. Plaintiff had a property interest in his employment contract. His contract was for a three-year term and could only be terminated early for cause. The pre-termination hearing offered him the chance to tell his side of the story prior to termination. The right to bring a breach of contract suit provides him with the opportunity to challenge the existence of cause through full judicial proceedings, including discovery to identify his accusers, the ability to confront and cross-examine them at trial, and the opportunity to be made whole through damages for breach. While plaintiff suggests his allegedly wrongful termination after the first year of the contract effectively deprived him of the ability to obtain employment as a superintendent elsewhere, he has not presented evidence the Board's action stigmatized him so that he suffered a tangible loss of employment opportunities so as to deny him a liberty interest without due process. See Strasburger v. Board of Educ., Hardin County, 143 F.3d 351, 356 (7th Cir. 1998), cert. denied, 525 U.S. 1069 (1999). The contract created his property interest in employment and the interest of which he was deprived was limited to his rights under the contract for the remaining two years. In Matthews v. Eldridge, 424 U.S. 319, 335 (1976), the Supreme Court set forth three factors to consider in determining whether due process was provided: (1) the private interest being affected by the government action, (2) the risk of an erroneous deprivation of that interest and the probable value of additional or substitute safeguards, and (3) the government's interest. It is plaintiff's contract rights, the two remaining years of the contract term, which are the private interest affected by government action. The Board's interest is having an effective school superintendent/principal. Both of these are important interests. Looking at the remaining Matthews factor, the risk of erroneous deprivation, the pre-termination hearing provided plaintiff the chance to tell his story and a post-deprivation breach of contract suit allows plaintiff's contract rights to be vindicated, if wrongfully deprived, by allowing plaintiff to recover damages for breach. These procedures provided adequate safeguards against erroneous deprivation of plaintiff's property interest in the remainder of his contract.

Plaintiff also argues he was denied due process because the decisionmaker was not impartial. A person who has prejudged the matter cannot sit in judgment on a termination but partiality will not be presumed just because the Board both investigated and adjudicated the termination decision and it is presumed individuals making decisions affecting the public are acting in the public interest. See Bakalis v. Golembeski, 35 F.3d 318, 325-26 (7th Cir. 1994). Taking the evidence most favorably to plaintiff, it cannot be concluded that the individual defendants prejudged the case. The record reflects that various board members were contacted by district employees raising concerns about certain of plaintiff's actions and that some board members had concerns of their own from their personal experience. Some of these concerns were memorialized in memoranda written by some of the board members. However, these concerns were within the scope of matters board members would be expected to consider and their expressions of disapproval of plaintiff's handling of various matters is within the scope of their duties. The mere fact some of them may have been unhappy with plaintiff's performance does not overcome the presumption they were acting impartially at the time of the discharge hearing.

For the foregoing reasons, plaintiff's motion for partial summary judgment as to liability on procedural due process grounds is denied. Defendant's motion for summary judgment is granted as to the procedural due process claims. Defendant's motion to strike is denied. Because this order disposes of all federal claims, the court declines to exercise supplemental jurisdiction over the state law breach of contract claim, which is remanded to state court. See Payne v. Churchich, 161 F.3d 1030, 1043 (7th Cir. 1998), cert. denied, 527 U.S. 1004 (1999). The balance of this case is dismissed with prejudice.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Kelly Baird

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 01 C 50228

Board of Education for Warren
Community Unit School District No.
205, et al.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for partial summary judgment as to liability on procedural due process grounds is denied. Defendant's motion for summary judgment is granted as to the procedural due process claims. Defendant's motion to strike is denied. The court declines to exercise supplemental jurisdiction over the state law breach of contract claim, which is remanded to state court. The balance of this case is dismissed with prejudice.

All orders in this case are now final and appealable.

FILED-WD
03 SEP -4 PM 2:47
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 9/4/2003

Susan M. Wessman, Deputy Clerk